UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD SMITH, Jr.,

    Plaintiff,

Civil No. 2:22-11586
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

v.

BISCHAN HASSUNIZADEH, et. al.,

    Defendants,
_____/

**OPINION AND ORDER PARTIALLY DISMISSING CIVIL RIGHTS COMPLAINT AND DIRECTING PLAINTIFF TO PROPERLY IDENTIFY THE DEFENDANTS HE WISHES TO SUE AND TO PROVIDE THE COURT WITH THEIR ADDRESSES**

**I. INTRODUCTION**

Edward Smith, Jr., ("Plaintiff"), incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed in part with prejudice with respect to the defendant Michigan Department of Corrections because this defendant cannot be sued under 42 U.S.C. § 1983. The Court GRANTS plaintiff sixty days from the date of this order to identity the remaining defendants whom he wishes to sue and to provide the Court with the addresses of these defendants so that service can be conducted.

**II. STANDARD OF REVIEW**

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

    (B) the action or appeal:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. COMPLAINT

Plaintiff claims that the defendants have been deliberately indifferent to his medical needs. Plaintiff alleges that the defendants are not taking the appropriate measures to take care of his various medical problems.

### IV. DISCUSSION

The complaint must be dismissed against the Michigan Department of Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar Plaintiff's civil rights action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002). The Michigan Department of Corrections is dismissed from the case.

The Court will also order plaintiff to properly identify the remaining defendants whom he wishes to sue and to provide this Court with their addresses so that service can be effectuated on them.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

It is not clear from the complaint which defendants that plaintiff wishes to sue. Plaintiff has also failed to provide the Court with the addresses of the defendants that he has named in his complaint. In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. *See e.g. Fitts v. Sicker,* 232 F. App'x. 436, 443 (6th Cir. 2007). There is no obligation for a district court "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Id.* at 444.

Accordingly, the Court will give plaintiff sixty (60) days from the date of this order to specify the names of the defendants whom he wishes to sue and the addresses of these defendants. If plaintiff fails to do so, the complaint will be dismissed without prejudice.

## V. ORDER

The complaint is dismissed against the defendant Michigan Department of Corrections. Plaintiff has **sixty (60) days** from the date of this order to specify the names of the defendants he wishes to sue and to provide the Court with the addresses of these defendants.

Dated: August 24, 2022

s/ Nancy G. Edmunds
HON. NANCY G. EDMUNDS
UNITED STATES DISTRICT COURT