UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD SMITH, JR.,

       Plaintiff,

v.

BISCHAN HASSUNIZADEH, *et al.*,,,

       Defendants.

_____/

Case No. 2:22-cv-11586
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NIKKIDA PRICE, CHRISTINE ERICKSON, TAREG BAGHAL, JACLYN EFRUSY, STEPHANIE ROGERS, SANJAY VARNEY-HERR, ERIN GRIFFITH, AND JON PAUL REMUS IN ACCORDANCE WITH FED. R. CIV. P. 4(m)**

**I.     RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendants Nikkida Price, Christine Erickson, Tareg Baghal, Jaclyn Efrusy, Stephanie Rogers, Sanjay Varney-Herr, Erin Griffith, and Jon Paul Remus without prejudice in accordance with Fed. R. Civ. P. 4(m).

**II.    REPORT:**

    **A.     Background**

Plaintiff Edward Lee Smith, proceeding *in forma pauperis*, filed the instant action on July 8, 2022, against the Michigan Department of Corrections (MDOC) and various other named and unnamed defendants. (ECF Nos. 1, 2.) Plaintiff has

kept the Court apprised of his address and is currently located at the Parnall Correctional Facility (SMT). (ECF Nos. 7, 39; *see also* www.michigan.gov/corrections, "Offender Search.")

On August 24, 2022, Judge Edmunds entered an opinion and order, which dismissed the complaint against the MDOC but also provided Plaintiff "**sixty (60) days** from the date of this order to specify the names of the defendants he wishes to sue and to provide the Court with the addresses of these defendants." (ECF No. 8, PageID.24 (emphasis in original).)

Plaintiff's timely response listed thirty Defendants. (ECF Nos. 9, 10.) On October 18, 2022, Judge Edmunds entered another opinion and order, this time:

(1) dismissing the complaint as to the ten Henry Ford Hospital Defendants (Hassunizadeh, Zeeshan, Zuger, Kazem, Chiu, Ivy, Lacey Wilson, Fulmerhouser, Bugbee, and Evans);

(2) dismissing the complaint against two defendants (M. Caran and K. Chauris) because they had not been fully identified so that service could be effectuated; but,

(3) directing the USMS to serve the complaint upon the eighteen remaining named defendants (Byrne, Price, Miller, Erickson, Baghal, Efrusy, Rogers, Lander, Bahner (i.e., Bhavsar), Sperling, Varney-Herr, Robert Lacy, Roach, Griffith, Yarid, Chester, Hill, and Remus).

(ECF No. 11; see also ECF Nos. 22, 23, & 54.)

According to Plaintiff's list, those eighteen defendants are associated with the MDOC's Duane Waters Health Center (DWH), the Charles E. Egeler

2

Reception & Guidance Center (RGC), the Carson City Correctional Facility (DRF), and/or the G. Robert Cotton Correctional Facility (JCF). (ECF No. 10, PageID.31-32.) To date, ten defendants have appeared via counsel. (ECF Nos. 22, 23, 53, & 54 [Bahner (i.e., Bhavsar), Chester, Hill, Robert Lacy, Yarid], 24 [Byrne, Miller, Roach], 27 & 28 [Sperling], 46 [Lander].)  Service has not yet been effected upon the remaining eight defendants.

On July 11, 2023, Judge Edmunds granted Defendants Byrne, Miller, and Roach's motion for summary judgment. (ECF Nos. 26, 58.)  On September 26, 2023, Judge Edmunds granted Defendant Lander's motion to dismiss. (ECF Nos. 61, 62.)  Therefore, fourteen defendants remain.

Judge Edmunds referred the case to me for all pretrial matters.  (ECF No. 42.)

      **B.**    **Status of Unserved Defendants**

On October 17, 2022, Plaintiff filed a "Notice of Plaintiff Properly Identifying the Defendants He Wishes to Sue." (ECF No. 10.)  For most of the defendants, he did not provide an address but listed them as employees of MDOC. (*Id.*)  The Court directed service, based on this information. (ECF No. 11.)  The United States Marshal Service (USMS) acknowledged receipt of the Service of Process Documents and attempted to obtain waivers of service from the MDOC employees.  (ECF No. 12.)

While three waivers returned executed (ECF Nos. 13, 14, 15), the majority of the waivers returned unexecuted (ECF Nos. 16-20) or did not return at all, indicating that the unserved Defendants were no longer employees of the MDOC. Thus, on February 13, 2023, the Court issued a series of orders directing service on various former State of Michigan prison employees who could no longer be located at the work location provided by Plaintiff. (*See* ECF Nos. 29-37.) The Court ordered service without prepayment of costs and authorized the USMS to collect costs after service is made. (*See* ECF Nos. 29-37.) Further, the MDOC was directed to provide the USMS with any last known addresses of the unserved defendants. (*See* ECF Nos. 29-37.) Addresses were provided, and summonses issued, for four of the Defendants: Lander, Price, Remus, and Rogers. (ECF Nos. 38, 41.) Of those, a certificate of service was returned only as to Lander. (ECF No. 45.) A certificate was returned unexecuted as to Rogers and Price, and was not returned as to Remus. (ECF Nos. 50, 52.)

Thus, to date, eight defendants remain unserved: Price, Erickson, Baghal, Efrusy, Rogers, Varney-Herr, Griffith, & Remus. (See ECF Nos. 29-30, 32-37.) The Court has no further avenue available to effectuate service.

### C.    Discussion

With respect to the time limit for service, the Federal Rules of Civil Procedure provide:

4

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). The complaint in this case was filed on July 8, 2022 (ECF No. 1); thus, the 90-day window in which to effect service expired long ago.

As detailed above, the Court and the USMS have made reasonable efforts to ascertain the whereabouts of the unserved defendants and attempt service upon them. However, no executed waiver of service has been returned, nor has an appearance made on behalf of Defendants Price, Erickson, Baghal, Efrusy, Rogers, Varney-Herr, Griffith, and Remus. Efforts by the USMS have, thus far, remained unfruitful. The Court has no further addresses to attempt service, and no further information has been provided by any source. Moreover, there are six served defendants remaining in this matter and this case has already been pending for well over a year.

As Judge Edmunds stated in her August 24, 2022 Order:

> In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. *See e.g. Fitts v. Sicker*, 232 F. App'x.436, 443 (6th Cir. 2007). There is no obligation for a district court "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Id.* at 444.

5

(ECF No. 8, PageID.24.)  Plaintiff has failed to identify a current address for each of these defendants, and the time to effect service under Fed. R. Civ. P. 4(m) has expired.  Accordingly, the Court should dismiss Plaintiff's claims against Defendants Price, Erickson, Baghal, Efrusy, Rogers, Varney-Herr, Griffith, and Remus without prejudice in accordance with Fed. R. Civ. P. 4(m) and allow this matter to proceed.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 12, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE