UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD SMITH, JR., (#659715),

        Plaintiff,

v.

BISCHAN HASSUNIZADEH, *et al*.,

        Defendants.

_____/

Case No. 2:22-cv-11586
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 69)

**A.**    **Instant Motion**

Plaintiff, an incarcerated individual, is proceeding *in forma pauperis*. (ECF Nos. 1, 4, 5.) Currently before the Court is Plaintiff's April 25, 2024, motion for appointment of counsel. (ECF No. 69.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.**    **Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case

convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

2

authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C.     Analysis**

    **1.     Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. While the Plaintiff has entered an objection and response to Defendant's exhaustion-based motion for summary judgment (*see* ECF Nos. 26, 40, 49), and the Court has entered a scheduling order on December 13, 2023, with a final dispositive motion cut-off set for July 30, 2024. (ECF No. 68.) That deadline has

yet to occur, therefore, it is too early to know if this case is going to trial on the merits. If this case should proceed to trial, the Court can revisit whether to recruit counsel, and it generally does so at that juncture.

2. **Nature of the case and complexity of the issues**

Plaintiff's legal claims are based on Eighth Amendment deliberate indifference to serious medical needs and cruel and usual punishment for failure to provide for Plaintiff's medical needs, at the Michigan Department of Correction ("MDOC") G. Robert Cotton Correctional facility, after which his chest became infected due MDOC contractual medical providers failure to respond to his medical needs. (ECF No. 1, PageID.3 ¶¶ 1-2.)

It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment violations are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex).

### 3. Indigency and ability of Plaintiff to represent himself

Plaintiff contends he is unable to afford counsel. In addition, Plaintiff states he has no knowledge of federal laws, state laws, or legislature enactments, and has limited ability to access the prison law library.[2] Furthermore, Plaintiff states that his heart functions at a 25-40% capacity, which affects his ability to think for long periods. (ECF 69, PageID.1-2.)

Nonetheless, in addition to the instant motion (ECF No. 69), the Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No. 1); (b) his application to proceed without prepaying fees or costs (ECF No. 4), which the Court granted (ECF No. 5); (c) his objection to Defendant's motion for summary

---

[2] Plaintiff fails flesh out his claim of limited access to the prison law library. According to Michigan Department of Corrections policies section 05.03.115, each law library must be open for a minimum of 25 hours per week, with at least 12 hours after 5:00 p.m. or on weekends. General population inmates are entitled to four hours of library use per week, with sessions lasting at least one hour each. Additional time for court deadlines can be requested from the Librarian. In any case, limited access to a law library applies to many incarcerated *pro se* litigants and does not constitute an exceptional circumstance. *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library). Moreover, "adequate law libraries are *one constitutionally acceptable method* to assure meaningful access to the courts…." *Bounds v. Smith*, 430 U.S. 817, 830 (1977) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("*Bounds* did not create an abstract, freestanding right to a law library….")

5

judgment (ECF No. 40);  (d) his response to Defendant's motion for summary judgment (ECF No. 49);  and, (e) his memorandum in support of the instant motion, which is further supported by a duly sworn affidavit (ECF No. 70).  The Court finds that Plaintiff has already illustrated his ability to properly, clearly and quite thoroughly communicate with the Court within the instant action, even in the instant motion, and despite his claimed disability.  Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor incapable of adhering to the Court's rules and procedures or of representing himself.

While the Court recognizes the difficulty of pursuing litigation while indigent, incarcerated, and limited knowledge of the law it is not enough to justify the appointment of counsel here.  There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)).  Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded.  In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance."  Also, the fact that Plaintiff has only a limited knowledge of the law is not unusual for someone proceeding *in pro per*; this circumstance does not make the case exceptional.

D.   Order

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 69) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[3]

Dated: July 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).